IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SADIE BROWN,<br><br>Plaintiff,<br><br>v.<br><br>POSTMASTER GENERAL LOUIS DEJOY,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 20-12657 (KMW-AMD)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**WILLIAMS, District Judge:**

**THIS MATTER** comes before the Court on Defendant Postmaster General Louis DeJoy's Motion for Summary Judgment, (ECF No. 66); Plaintiff Sadie Brown opposed the motion, (ECF No. 93); and Defendant's replied, (ECF No. 101); the Court having heard the arguments of counsel during the hearing held on March 10, 2025, and the Court noting the appearances of counsel: Robert P. Merenich, Esq. for Plaintiff; Alex D. Silagi, Esq. for Defendant; Defendant's Summary Judgment Motion will be **GRANTED IN PART AND DENIED IN PART**.

WHEREAS, with regards to Claim 1, the Court found that, while the Administrative Judge permitted Plaintiff to amend her complaint to add other incidents, the Court notes that, on their face, the incidents amended to the 2010 EEOC matter are untimely and thus will not be permitted to go forward. Of the six incidents[1] that were properly exhausted before the EEOC, there were three discrete acts that as a matter of law cannot be considered in relation to the claim of a hostile

---

[1] 1. On or about January 6, 2010, Plaintiff arrived at work and was told to go to another station;
2. On or about January 7, 2010, and subsequent dates, Plaintiff's assignment schedule was abruptly changed;
3. On an unspecified dates, Plaintiff's time card was taken when she was late;
4. On an unspecified dates, Plaintiff was removed from the work schedule without reason;
5. Effective November 6, 2010, Plaintiff's automatic step increase was deferred; and
6. On or about November 29, 2010, Plaintiff received a Letter of Warning for Failure to Follow Instructions. *See* SMF ¶¶ 125-126, Mot. for Summary Judgment at Ex. 49.

work environment: the incident on January 6, 2010, when Plaintiff arrived at work and was told to go to another station, the letter of warning, and the step deferral. A "discrete act" constitutes a separate actionable unlawful employment practice, which includes "termination, failure to promote, denial of a transfer, or refusal to hire." *Percella v. City of Bayonne*, No. 14-3695, 2020 WL 6559203 at *15 (D.N.J. Nov. 9, 2020) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002)). The Third Circuit recognizes "a bright-line distinction between discrete acts, which are individually actionable, and acts which are not individually actionable but may be aggregated to make out a hostile work environment claim." *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006). Therefore, summary judgment is granted as it relates to the three discrete acts as noted above. The incidents that will be permitted to go forward as to Plaintiff's 2010 retaliatory hostile environment claim are: on unspecified dates, when Plaintiff was removed from the work schedule; on or about January 7, 2010, and subsequent dates, when Plaintiff's assignment schedule was abruptly changed; and on unspecified dates when Plaintiff's time card was taken when she as late.

WHEREAS, with regards to Claim 2, the Court found that disability discrimination is often difficult to prove by overt acts due to the lack of witnesses, and in the instant matter the record contains enough evidence from which a jury could plausibly infer that the plaintiff was subjected to harassment on the basis of her disability. On the surface, *Walton v. Mental Health Ass'n*, 168 F.3d 667 (3d Cir. 1999), appears to be analogous. However, the Court notes that in the instant matter, the frequency and duration of the alleged discriminatory conduct was more numerous and over a longer span of time than in *Walton*, (*see Walton*, 168 F.3d at 667 n.4), and further the testimony provided in the record from Plaintiff's colleagues sets apart Plaintiff's claims from those in *Walton*. Therefore, the Court will deny summary judgment as to Claim 2.

WHEREAS, with regards to Claim 3, while the Court heard Plaintiff's argument asserting that her request for light duty was presented before the District Reasonable Accommodation Committee, ("DRAC"), the only available information within the record indicates that the request for light duty was only presented in proceedings before the Office of Workers' Compensation Programs in 2022, and not through an EEO process or before the DRAC. *See* SMF ¶¶ 192, 213; Mot. for Summary Judgment at Exs. 101, 119; Opp. at Ex. C. If the light duty request was not presented before the DRAC or brought appropriately through the EEO process, that claim would be unexhausted and not properly before this Court for adjudication. Therefore, the Court will provide Plaintiff with thirty days upon the issuance of this Order to provide the Court with record evidence to demonstrate that Plaintiff's light duty request was presented before the DRAC.

For the reasons set forth on the record, within this memorandum, and for good cause shown:

IT IS this 12th day of <u>March 2025</u> hereby

**ORDERED** that Defendant Postmaster General Louis DeJoy's Motion for Summary Judgment (ECF No. 66) is **GRANTED IN PART AND DENIED IN PART**.

**ORDERED** that, as to Claim 1 related to retaliation for EEO activity, the following incidents will proceed to trial:

- On or about January 6, 2010, Plaintiff arrived at work and was told to go to another station;

- On or about January 7, 2010, and subsequent dates, Plaintiff's assignment schedule was abruptly changed;

- On an unspecified dates, Plaintiff's time card was taken when she was late;

For the following incidents, summary judgment is **GRANTED**:

3

- On an unspecified dates, Plaintiff was removed from the work schedule without reason;

- Effective November 6, 2010, Plaintiff's automatic step increase was deferred; and

- On or about November 29, 2010, Plaintiff received a Letter of Warning for Failure to Follow Instructions.

**ORDERED** that, as to Claim 2 related to Plaintiff's hostile work environment on the basis of disability, summary judgment is **DENIED**; and

**ORDERED** that, as to Claim 3 related to Plaintiff's reasonable accommodation claims, the Court gives Plaintiff leave of thirty days from the issuance of this Order to produce the evidence necessary to demonstrate that the DRAC in fact received Plaintiff's request for light duty, per the instructions provided both above and during the hearing by the Court. If the Plaintiff fails submit such evidence within the time allotted, summary judgment will be considered **GRANTED WITH PREJUDICE** without further order of the Court.

KAREN M. WILLIAMS
United States District Judge

4